UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL DOCKET |
| | ) | |
| versus | ) | NUMBER: 16-32-1 |
| | ) | |
| LOUIS AGE JR. | ) | JUDGE BARRY W. ASHE |
| LOUIS AGE III | ) | |
| RONALD WILSON JR | ) | |
| KENDRICK JOHNSON | ) | |
| STANTON GUILLORY | ) | |

**MEMORANDUM IN SUPPORT OF
GUILLORY'S MOTION TO EXCLUDE EVIDENCE OF
ACTS LISTED IN GOVERNMENT'S MOTION TO PROVIDE NOTICE OF INTENT
TO INTRODUCE INTRINSIC ACTS OR IN THE ALTERNATIVE
EXTRINSIC ACTS PURSUANT TO FED. R. EVID. 404(B).**

Defendant Stanton Guillory, through undersigned counsel, respectfully submits this memorandum in support of his request to exclude evidence of certain acts listed in "Government's Motion To Provide Notice Of Intent To Introduce Intrinsic Acts Or, In The Alternative, Extrinsic Acts Pursuant To Fed. R. Evid. 404(b); hereinafter, the Government's motion will be referred to as Government's Notice for convenience.

Introduction

The main theme of the Government's Notice regarding Stanton Guillory is his affiliation with street gangs. It is repeatedly mentioned in the Government's Notice and the March 14, 2021 letter. It is used by the Government to justify the admissibility of acts priot to the charged crimes as well as acts which have occurred over during the nine years after the charged crimes. It is the essence of improper propensity evidence.

The Government's Notice lists eight distinct acts and two categories of activity purportedly committed by Mr. Guillory. They are divisible into three groups based on their temporal relationship to the killing of Milton Womack:

1. Acts which occurred months before the killing of Milton Womack,

2. Acts which occurred near the time of the killing, and

3. Acts which occurred years after the killing.

The acts and activities are described by the Government as either acts intrinsic to the charged crimes or as acts extrinsic acts which are admissible under Fed. R. Evid. 404(b).

The Government is incorrect.  All the acts and activities are extrinsic to the charged crimes. Only the second group (acts which occurred near the time of the killing) serve a permitted purpose under FRE 404(b).  The other two groups do nothing more than show that Mr. Guillory engages in violent activities and are inadmissible propensity evidence under Fed. R. Evid. 404(a).  I will explain.

1.  Acts Which Occurred Months Before The Killing Of Milton Womack.

Milton Womack was killed on July 27, 2012.  The acts which occurred long before the killing of Milton Womack consist of Mr. Guillory's involvement in the folllowing three things:

- The May 29, 2012 shootout in which five year old Breanna Allen and a passing motorist were killed;

- The June 11, 2012 killing of Jonathan Lewis, aka Kruga, was killed; and

- "a violent gang that killed, wounded, and ambushed rival gang members."

The Government incorrectly classifies those acts and activities as intrinsic to the charged crimes.

Courts have been drawing the distinction between "intrinsic" evidence, and "extrinsic" evidence since shortly after the Federal Rules of Evidence were adopted in 1975.  The distinction was made

necessary by the language of FRE 404(b), which places limits on the use of "extrinsic" evidence. But prosecutors quickly realized that if evidence could be characterized as "intrinsic" those limits didn't apply.[1]

The first reported decision in the Fifth Circuit that addresses this distinction appears to be *United States v. Aleman*, 592 F.2d 881 (1979). In *Aleman*, the Court looked to a 1975 decision of the 8th circuit, and to *Wright & Graham, Federal Practice and Procedure,* to conclude that "[a]n act cannot be characterized as an extrinsic act when the evidence concerning that act and the evidence used to prove the crime charged are <u>inextricably intertwined</u>." *Aleman*, *supra*, p.885 (emphasis added). As the *Aleman* Court explained:

> The extrinsic acts rule is based on the fear that the jury will use evidence that the defendant has, at other times, committed bad acts to convict him of the charged offense. Wright & Graham, Supra, s 5239 at 436 (1978). In the usual case, the "other acts" occurred at different times and under different circumstances from the crime charged. The policies underlying the rule are simply inapplicable when some offenses committed in a single criminal episode become "other acts" because the defendant is indicted for less than all of his actions. If a person breaks into a house, murders the occupants, and steals a television set, the individual offenses do not become "wholly separate and independent crimes" merely because they are made the subjects of separate indictments.

*United States v. Aleman*, 592 F.2d 881, 885 (5th Cir. 1979).

Since *Aleman*, the "rule" has been clear: evidence is "intrinsic" only if it is "inextricably intertwined" with evidence of the offenses charged, or if the other uncharged acts form part of a single criminal episode.

The "rule" established by *Aleman* is still good law, and has been followed consistently by the Fifth Circuit. Most recently, in the Eastern District of Louisiana, *Aleman* was relied upon by Judge Susie Morgan to prohibit the introduction of certain evidence by the Government in a drug case. See *United States v. Williams*, 2016 WL 6584712 (E.D. of La., November 6, 2016).

In sum, the "other crimes" evidence that the Government proposes to offer is <u>intrinsic</u> if, and only if it is "inextricably intertwined" with the evidence that the Government must offer to prove the offenses

---

[1] The specific limits placed on such evidence by FRE 404(b), and the case law, are discussed *infra*.

charged in the indictment, or if it forms part of a "single criminal episode," one occurring at or near the time of the charged offense(s), and involving the same participants. A review of the actual charges in this case, in conjunction with the Government's "Notice" (as clarified by its letter of March 19, 2021) shows that only 4 of the 28 items can be deemed intrinsic to the charges.

under particular actsactswhich is based on the unsubstantiated allegation that other defendants "handpicked" Guillory to kill Milton Womack "because of his earlier roles in gang violence and assassinations." [Rec 433, pg. 7]. Treating that allegation as true, the Government argues three highly prejudicial gang-related activities are intrinsic evidence to the charged offense and not subject to the prohibition against propensity evidence contained in Fed. R. Evid. 404(b)(1). The Government has not produced statements by the defendants evidencing why they chose Mr. Guillory or a statement from a witness who was privy to the decision. There is only an allegation.

    The Government's allegation is not only unsubstantiated. It is contrary to the disclosure made by AUSA McSherry earlier in the case. During informal discovery, he revealed that the other defendants were shopping for a hit man among the street gangs and, when the older members were smart enough to decline because the intended victim was a federal witness, foolish young Stanton Guillory volunteered.[2]

    Most recently, the Government seems to be espousing a third version of how Mr. Guillory became the hit man. Severance opposition.

    Time line.

2.  Acts Which Occurred Near The Time Of The Killing.

---

[2] Contemporaneous with this motion, Mr. Guillory is filing a Brady demand related to the disclosure made by Mr. McSherry.

Mr. Guillory's post-crime possession of the car used in the murder of Milton Womack - Mr. Guillory's post-crime effort to conceal the gun used in the murder of Milton Womack – Mr. Guillory's possession of the murder weapon approximately ten days before the murder.

3. <u>Acts Which Occurred Years After The Killing.</u>

.                                                       Respectfully submitted,

<u>/s/ Kerry P. Cuccia</u>
Kerry P. Cuccia, La. Bar Roll No. 04635
3606 Canal Street
New Orleans, Louisiana 70119
Ph. (504) 595-8965, Fax (504) 558-0797

Alysson L. Mills, La Bar Roll No. 32904
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170
Ph. (504) 586-5252; Fax (504) 586-5250

*Counsel for Stanton Guillory*

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing *Guillory's Motion To Exclude Evidence of Acts Listed In Government's Motion To Provide Notice Of Intent To Introduce Intrinsic Acts Or In The Alternative Extrinsic Acts Pursuant To Fed. R. Evid. 404(b).* with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

New Orleans, Louisiana, this _____ day of _____, 2021.

/s/ Kerry P. Cuccia