UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL DOCKET |
| | ) | |
| versus | ) | NUMBER: 16-32-1 |
| | ) | |
| LOUIS AGE JR. | ) | JUDGE BARRY W. ASHE |
| LOUIS AGE III | ) | |
| RONALD WILSON JR | ) | |
| STANTON GUILLORY | ) | |

**DEFENDANTS' MOTION FOR LEAVE TO MAKE EXTRAJUDICIAL STATEMENT TO REQUEST ASSISTANCE IN OBTAINING EVIDENCE**

NOW COMES Louis Age Jr., Louis Age III, Ronald Wilson Jr., and Stanton Guillory., ("Defendants") through undersigned counsel, and move this Court, to grant leave to make extrajudicial statements for the purpose of requesting assistance in obtaining evidence about the corrupt informant ring operating at Nelson Coleman Correctional Center and also in relation to informant MC. See LCrR53.3; 53.4

Out of an abundance of caution, counsel seeks a modification of LCrR 53.3 to allow defense counsel to release a public statement requesting assistance of the public in obtaining evidence about the corrupt jailhouse informant ring that has been operating at Nelson Coleman Correctional Center.

Separately and additionally, counsel seeks a modification of LCrR 53.3 to allow defense counsel to release a public statement requesting assistance of the public in obtaining evidence concerning the operation of jailhouse informant MC as a government agent in this and other cases and information reflecting on MC's credibility as a witness. Counsel specifically seeks leave to use MC's name in order to request assistance in obtaining evidence about MC.

1

Local Rules require counsel to seek a modification of the Rule before releasing a statement concerning admissions by an accused or the identity or credibility of a witness, though the Rules specifically allow statements for the purposes of requesting assistance in obtaining evidence.

Counsel seeks leave by this motion, rather than run the risk of running afoul of the Rule and particularly where the defense would like the option to also use the name of a government witness in its second request for leave.

### A. Background to the need to investigate MC and the corrupt informant ring at Nelson Coleman

This court is aware through other filings of the issues that have arisen with jailhouse informant testimony in this case involving prisoners at Nelson Coleman Correctional Center. Doc 670-1 at 15-18 and Doc 679 at 5.

Earlier today, defense counsel filed a motion for discovery requesting from the government documents relevant to the corrupt informant ring and to MC's proposed testimony. See Doc. 692.

In the accompanying memorandum, counsel extensively developed what is known about the corrupt informant ring from government disclosures and the defense investigation so far. Doc 692-1 at 2-8. To avoid burdening the court with repetition, counsel adopts and incorporates by reference those submissions in respect of the current pleading.

Those submissions establish that there is already a link between the informant MC and JR/TS/GS and their corrupt informant ring.

As the defense seeks to investigate the admissibility of MC's statements and any impeachment, it necessarily must include an investigation into the activities of the corrupt informant ring as well as the institutional use of jailhouse informants at Nelson Coleman.

    **B.    Good cause is shown for a modification of the Rule to allow extrajudicial statements to seek assistance in obtaining evidence about the corrupt informant ring at Nelson Coleman**

Trial is scheduled to start on March 28, 2022 and, without appearing ungrateful for the two-week continuance, defense counsel do not have adequate time to conduct a full investigation of MC and the corrupt informant ring; particularly not while dealing with all of the other aspects of the case.

Diligent counsel would seek to identify former prisoners and staff, current prisoners and staff and counsel/defendants against whom Nelson Coleman informants have provided evidence. Diligent counsel would then seek to have these witnesses interviewed to develop a full picture of the way informants were used at Nelson Coleman and the activities of the corrupt informant ring and MC himself. This would be a labor intensive exercise that would take a long time to play out, with subpoenas for jail and staffing records, finding witnesses, travelling to interview them, etc.

Counsel, in the time allowed, cannot do any of this.

Counsel seek to use another traditional method of information gathering, a request for public assistance in obtaining evidence.

Such a request is already anticipated and permitted under LCrR53.4 as an exception to the prohibition on extrajudicial statements and it may be that this request is not necessary, but it is brought in deference to the court and the government's interests and out of an abundance of caution.

Counsel wish to make public statements requesting assistance in obtaining evidence by asking members of the public to come forward with information about the use and activities of jailhouse informants at Nelson Coleman, including allegations of informants falsifying claims and selling information. This may not be wholly effective but it shortcuts the more elaborate investigative process that time does not permit.

The corrupt informant ring and MC's activities extend over a period of years and it is entirely likely that other victims of the informant ring are no longer in the local media market. For this reason, if granted leave, counsel will neek to publicize their request for assistance in both local and national markets.

If this request is denied, along with the denial of the request for continuance of the trial to allow time for this investigation, the defendants will be denied their Sixth Amendment rights to the effective assistance of counsel and to prepare and present a defense.

The requested extrajudicial statement will not unduly prejudice the conduct of a fair trial on March 28 but instead enhances that prospect by giving the defense one of the only viable investigative tools left in the toolkit.

**C.     Good cause is shown for a modification of the Rule to allow extrajudicial statements to seek assistance in obtaining evidence about MC and in granting leave to use MC's name**

Counsel make a second, separate and, admittedly, more controversial request.

Counsel wish leave to make an extrajudicial statement naming MC and asking the public for information about MC and his activities as an informant.

As stated above, counsel does not, in the time allowed, have the opportunity to investigate and identify all of the people in MC's life who might provide this pertinent information. Counsel should be permitted to obtain the necessary information, but in a manner that is more efficient and effective considering the time constraints counsel is facing.

Counsel understands that there are security concerns in naming any jailhouse informant and does not wish to add to anybody's jeopardy. But, the government is aware of the risk and is

taking steps to protect MC from the risks to any prisoner in a custodial environment when that prisoner is identified as an informant.[1]

Perhaps, most significantly, MC's name will be on the public record as a jailhouse informant in two weeks time in opening statement, but by that point it will be too late for the defense to benefit from a public request for assistance in obtaining evidence.

The defense should not be gagged in seeking this assistance considering the substantial weight MC's statements, if admitted, have against all defendants. The credibility of MC and his relationship with the government are the central issues in this investigation and must be fully explored. Given the time constraints, a public statement asking for information about MC's activities as an informant is necessary.

WHEREFORE, for the foregoing reasons Defendants respectfully requests that this Court grant leave to the defense to issue extrajudicial statements to seek assistahnce in obtaining evidence as to:

1) The corrupt informant ring at Nelson Coleman; and,

2) MC, his credibility and his activities as a jailhouse informant.

Respectfully submitted,

*/s/ Richard Bourke*
Richard Bourke, LA #31428
Christine Lehmann LA 28122
Attorneys for Louis Age, Jr.
636 Baronne Street
New Orleans, LA 70113
504-558-9867
rbourke@thejusticecenter.org

Attorneys for Louis Age, Jr
.

*Nicholas J. Trenticosta*
Nicholas J. Trenticosta
Herrero & Trenticosta
7100 St. Charles Ave.
New Orleans, LA  70118
504-352-8019
nicktr@bellsouth.net

Attorney for Louis Age, III

---

[1] Counsel rejects the idea that any of the defendants represent a risk but readily acknowledges that there are risks for MC entirely independent of the defendants in this case.

5

| | |
|---|---|
| */s/ Alysson L. Mills* | *s/ Kerry P. Cuccia* |
| ALYSSON L. MILLS | KERRY P. CUCCIA |
| 650 Poydras Street, Suite 1525 | 3801 Canal Street. Ste 400 |
| New Orleans, LA 70130 | New Orleans, LA 70119 |
| amills@millsamond.com | 504-595-8965 |
| | Email: kerryc@capitald.org |
| Attorney for Stanton Guillory | Attorney for Stanton Guillory |
| *s/ Jessica Mullaly* | */s/ Anna Friedberg* |
| Jessica L. Mullaly, LA Bar #26674 | Anna Friedberg |
| Attorney for Ronald Wilson | 3110 Canal Street |
| 7925 Nelson Street | New Orleans, LA 70119 |
| New Orleans, LA 70125 | 504-444-8557 |
| Telephone: 504-258-7294 | Email: anna.friedberg@gmail.com |
| Email: jessicamullaly1@gmail.com | |
| Attorney for Ronald Wilson | Attorney for Ronald Wilson |

**CERTIFICATE OF SERVICE**

I certify that on March 10, 2022 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all parties.

*/s/ Richard Bourke*