UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO. 16-32

LOUIS AGE JR., *et al.*                      SECTION M

**ORDER & REASONS**

Before the Court is a motion by defendants Louis Age Jr., Louis Age III, Ronald Wilson, Jr., and Stanton Guillory (collectively, "Defendants") for partial reconsideration of this Court's December 29, 2021 Order & Reasons regarding intrinsic evidence.[1]  Defendants argue that this Court should reconsider its ruling that Acts 7, 8, 10, 22, 23, 25, 26, and 28, which relate to Guillory's gang activities prior to the murder of Milton Womack, constitute intrinsic evidence.[2] Defendants argue that evidence recently produced by the United States of America (the "Government") belies its previous assertion that Guillory was "handpicked" by Age III and Wilson to murder Womack due to his gang activity.[3]  Rather, Defendants contend that the new evidence shows that Guillory heard about the contract and accepted it at a community gathering, implying that Age III and Wilson knew nothing of his reputation for gang violence.[4]  Moreover, Defendants argue that if the Court reconsiders and finds the acts to be extrinsic, their probative value is outweighed by the risk of undue prejudice, or the evidence is cumulative (at least as to Act 10 – Guillory's possession of the murder weapon prior to Womack's death).[5]

---

[1] R. Doc. 722 (citing R. Doc. 585).  Defendants also file a reply in support of the motion.  R. Doc. 759.
[2] R. Doc. 722-1 at 1-4.
[3] *Id.*
[4] *Id.*
[5] *Id.* at 4-6.

1

The Government responds in opposition arguing that Defendants have not provided any new information that justifies reconsideration of this Court's prior ruling, and instead, have identified only cross-examination material.[6] The Government argues that the Defendants are making too much of the word "handpicked" and that the Government is not contending that Age III and Wilson conducted a comprehensive and meticulous employment search, comparing and contrasting the resumés of potential hit-men.[7] Rather, the Government argues that, regardless of how Guillory was initially identified as a potential hit-man, Age III and Wilson, through their association with gang members, knew of Guillory's own such association and recent activities and determined that he would be willing and able to effectuate Womack's murder.[8]

Having considered the parties' memoranda, the record (particularly the Court's prior ruling regarding Acts 7, 8, 10, 22, 23, 25, 26, and 28),[9] and the applicable law,

IT IS ORDERED that Defendants' motion for reconsideration (R. Doc. 722) is DENIED. As the Court stated in its December 29, 2021 Order & Reasons, Acts 7, 8, 10, 22, 23, 25, 26, and 28 "tend to establish, among other things, (1) why Guillory himself was hired to murder Womack and become a member of the conspiracy; (2) why it was feasible that, with Guillory as the hit-man, Womack would be murdered; (3) the nature of Guillory's relationship with Defendants; and (4) how the conspiracy came about."[10]

New Orleans, Louisiana, this 23rd day of March, 2022.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[6] R. Doc. 752 at 2.
[7] Id at 2-6.
[8] Id.
[9] R. Docs. 585; 665.
[10] R. Doc. 585 at 25.