UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                            NO. 16-32

LOUIS AGE JR., *et al.*                           SECTION M

**ORDER**

On March 24, 2022, defendants Louis Age Jr., Louis Age III, Ronald Wilson, Jr., and Stanton Guillory (collectively, "Defendants") filed a second motion to compel the United States of America (the "Government") to make Jencks Act disclosures regarding M.C.'s recorded jail calls, texts, and emails between January 2019 and his departure from Nelson Coleman Correctional Center ("NCCC").[1]  This Court denied the motion because NCCC was not a part of the Government's investigatory or prosecution team; and, thus, the Government was not in possession of the calls.[2]  On March 31, 2022, Special Agent William C. Williams of the Federal Bureau of Investigation testified before this Court at a hearing related to the testimony of a Government witness known as M.C.  In the course of his testimony Special Agent Williams mentioned that, as an FBI agent, he has remote computer access to an external database of federal inmates' jail calls. At the end of the hearing, Defendants orally reurged their motion to compel M.C.'s jail calls, arguing that Special Agent Williams's testimony proves that the Government is in possession of them.

The Court asked for briefing directed to the legal issue whether the Government's mere access to an external database places the Government in possession of the electronic material

---

[1] R. Doc. 780.
[2] R. Doc. 809.

contained therein for the purposes of *Brady* or Jencks. The Government argues, citing legal authority, that it is not in possession of the calls that are kept by a third-party simply because law enforcement agents have electronic access to the calls.[3] The Government points out that it needs NCCC's permission to obtain log-in credentials to access the calls, and if it wants copies of them, the Government has to ask NCCC which would in turn ask its third-party vendor.[4] The Government does not deny that it has an obligation to disclose to Defendants relevant calls to which it has listened, but posits it has no duty to listen to all of an inmate's calls to fish for potential *Brady* or Jencks material simply because it plans to call that inmate as a witness.[5] In support of their reurged motion to compel, Defendants argue that the Government's "on demand" access to data in the hands of third parties should be equated to Government possession of the data.[6] Having considered the parties' memoranda, the record, and the applicable law,

IT IS ORDERED that Defendants' orally reurged motion to compel is DENIED. It would be untenable to require the Government to review hundreds, possibly thousands, of hours of inmate telephone calls fishing for potentially discoverable information when the jail is not part of the Government's investigatory team, the calls are held by a third-party vendor, and the Government's access is restricted to on-demand online review with permission of the facility and its vendor. In a world of nearly limitless information accessible from a computer, the Government cannot be said to be in possession of it all. The Government has acknowledged its disclosure obligations as to any and all calls having relevant content of which it is aware, and which are thus within its possession. No more should be compelled.

---

[3] R. Doc. 814.
[4] *Id.*
[5] *Id.*
[6] R. Doc. 815.

New Orleans, Louisiana, this 1st day of April, 2022.

                                                BARRY W. ASHE
                                                UNITED STATES DISTRICT JUDGE